IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| RANDALL DWIGHT STONE, #275 049 | * | |
| Plaintiff, | * | |
| v. | * | 2:11-CV-523-MEF (WO) |
| KILBY CORRECTIONAL FACILITY, *et al*., | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at Hamilton Aged & Infirmed Facility located in Hamilton, Alabama, files this 42 U.S.C. § 1983 action complaining that his Eighth Amendment right to adequate medical care was violated during his incarceration at the Kilby Correctional Facility. Named as defendants are the Kilby Correctional Facility, Correctional Medical Services, Inc., the Warden of Kilby Correctional Facility, and "Captain Kilby Correctional Facility." Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Kilby Correctional Facility and "Captain Kilby Correctional Facility" prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

*A. The Kilby Correctional Facility*

The Kilby Correctional Facility is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies regardless of the nature of the relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's claims against the Kilby Correctional Facility are due to be dismissed. *Id.*

*B. "Captain Kilby Correctional Facility"*

Plaintiff names "Captain Kilby Correctional Facility" as a defendant. The Federal Rules of Civil Procedure do not provide for fictitious party practice as it is incompatible with federal procedure. *See* Rule 10(a) ("[i]n the complaint, the title of the action shall include the names of all the parties . . ."); *New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 at n.1 (11th Cir. 1997) (fictitious party practice not permitted in federal court and plaintiff's failure to name parties required that court strike parties.); *Watson v. Unipress*, 733 F.2d 1386, 1388 (10th Cir. 1984) (plaintiff did not amend her complaint with identities of unknown defendants, and, therefore, no one directly involved in incident was named as defendant.). In light of the foregoing, the court concludes that Plaintiff's complaint against Defendant "Captain Kilby Correctional Facility" shall be dismissed. Should Plaintiff ascertain the true identity of this fictitious defendant during the pendency of this action, he may file a request to amend his complaint with the true name of the individual who allegedly violated his

constitutional rights.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Kilby Correctional Facility and "Captain Kilby Correctional Facility" be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.   The Kilby Correctional Facility and "Captain Kilby Correctional Facility" be DISMISSED as   parties  to this complaint; and

3.   This case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 11, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE, this 26th day of September, 2011.

                                        /s/ Susan Russ Walker
                                        SUSAN RUSS WALKER
                                        CHIEF  UNITED  STATES  MAGISTRATE  JUDGE